IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Regina M. Hunter El, | ) | C/A No. 3:21-2928-MBS-PJG |
| | ) | C/A No. 3:21-2929-MBS-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Elijah Hunter; Sumter County Magistrate Court, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Elijah Hunter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Regina Hunter El, | ) | |
| | ) | |
| Defendant. | ) | |

Regina Hunter El ("Hunter"), proceeding *pro se*, filed Civil Action No. 3:21-2928-MBS-PJG seeking relief from a writ of ejectment issued by the Sumter County Magistrate Court. Hunter also purports to remove the state court action from which the writ was issued (currently on appeal in the Sumter County Court of Common Pleas) in the contemporaneously filed Civil Action No. 3:21-2929-MBS-PJG. These matters are before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the pleadings in accordance with applicable law, the court concludes the federal civil action should be summarily dismissed without prejudice and without issuance and service of process, and that the removed action should be remanded to the Sumter County Court of Common Pleas.

**I.     Factual and Procedural Background**

In the federal civil action, C/A No. 3:21-2928-MBS-PJG, Hunter alleges that the Sumter County Magistrate Court issued a writ of ejectment on September 2, 2021, requiring Hunter to vacate her residence. Hunter claims the writ was issued without good cause and in disregard of a state statute requiring the exhaustion of five days' time before the writ can be issued. Hunter alleges she was not able to seek relief from the writ in magistrate court, and therefore, she had to file an appeal in the Sumter County Court of Common Pleas. Hunter alleges that a hearing on the appeal was scheduled for September 13, 2021. Hunter claims these circumstances deprived her of liberty without due process and denied her equal protection of the law in violation of the Fourteenth Amendment. Hunter seeks relief from the writ of ejectment and damages. In the removed action, C/A No. 3:21-2929-MBS-PJG, Hunter purports to remove the state court ejectment proceeding and again seeks relief from the writ of ejectment.

**II.    Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The pleadings were filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.      Analysis

The court concludes that these matters are subject to summary dismissal and remand for several reasons. First, both actions are barred by the Rooker-Feldman[1] doctrine. See generally Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("Under the Rooker-Feldman doctrine, lower federal courts may not consider either issues actually presented to and decided by a state court or constitutional claims that are inextricably intertwined with questions ruled upon by a state court.") (internal citations and quotations omitted); see also Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) ("Under the Rooker-Feldman doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court. We regard the doctrine as jurisdictional."). Both actions

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983).

ask this court to reverse a writ of ejectment by a South Carolina magistrate court while the appeal in that action is pending in the state circuit court. Therefore, Hunter is essentially seeking an appeal of the magistrate court judgment, which this court lacks jurisdiction to hear.

Second, the removed action is not properly before this court. Hunter asserts that the court has jurisdiction over the removal action pursuant to 28 U.S.C. § 1443, but that statute only allows removal based on claims seeking to enforce laws for racial equality. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3727 (Rev. 4th ed. Apr. 2021). Even liberally construing Hunter's attempted removal as attempting to assert claims of equal protection pursuant to § 1983 in light of her non-removed case, courts hold that § 1983 claims based on the Fourteenth Amendment do not implicate § 1443. See Mangum v. Child Abuse Prevention Ass'n, 358 F. Supp. 2d 492, 496 (D.S.C. 2005) (collecting cases). Therefore, Hunter fails to provide a proper basis for the court to assert jurisdiction over the removed action.

Third, to the extent Hunter seeks damages in the federal civil action, her claims plainly fail to state a claim upon which relief can be granted because the Sumter County Magistrate Court is not a person amenable to suit pursuant to the federal civil rights statute 42 U.S.C. § 1983, see generally West v. Atkins, 487 U.S. 42, 48 (1988); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); and Elijah Hunter, Regina Hunter's cousin who sought the writ of ejectment, is not at state actor amenable to suit pursuant to § 1983, West, 487 U.S. at 49 ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.") (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)).

### III.  Conclusion

Accordingly, the court recommends that the federal civil action, C/A No. 3:21-2928-MBS-PJG, be summarily dismissed without prejudice and without issuance and service of process; and the removed action, C/A No. 3:21-2929-MBS-PJG, be remanded to the Sumter County Court of Common Pleas.

September 30, 2021  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).