IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Regina M. Hunter El,  )  <br>  )  C/A No. 3:21-2928-MBS<br>              Plaintiff,  )  C/A No. 3:21-2929-MBS<br>  )<br>  vs.  )<br>  )<br>Elijah Hunter, Sumter County Magistrate  )<br>Court,  )<br>  )<br>              Defendants.  )<br>_____ )<br>  )  **ORDER AND OPINION**<br>Elijah Hunter,  )<br>  )<br>              Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>Regina Hunter El,  )<br>  )<br>              Defendant.  )<br>_____ ) | |

Plaintiff Regina Hunter El ("Hunter El"), proceeding pro se, filed a complaint on September 13, 2021. The complaint has been assigned C/A No. 3:21-2928-MBS. Also on September 13, 2021, Hunter El removed an appeal pending in the Sumter County, South Carolina, Court of Common Pleas. The removal action has been assigned C/A No. 3:21-2929-MBS. Both actions involve Hunter El's efforts to avoid execution of a writ of ejectment entered by Defendant Sumter County Magistrate Court on or about September 3, 2021 in favor of Defendant/Plaintiff Elijah Hunter. Hunter El asserts that the court has jurisdiction in both matters pursuant to 28. U.S.C. § 1443. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United

States Magistrate Judge Paige J. Gossett for pretrial handling.

On September 30, 2021, the Magistrate Judge issued a Report and Recommendation addressing both cases. First, the Magistrate Judge noted that both actions are barred by the Rooker-Feldman[1] doctrine, which prohibits a federal court from hearing what in substance is an appellate review of a state judgment. The Magistrate Judge found that Hunter El essentially is seeking an appeal of the Sumter Magistrate Court judgment, which the court lacks jurisdiction to hear.

Second, the Magistrate Judge determined that 28 U.S.C. § 1443 does not furnish the court with jurisdiction over the removed case, because § 1443 only allows removal of state actions when a person is denied or cannot enforce in state courts a right under any law providing for equal rights of United States citizens.[2] The Magistrate Judge further determined that, even if Hunter El's claims in the removed case could be construed as asserting claims of equal protection arising under 42 U.S.C. § 1983, § 1983 claims based on the Fourteenth Amendment do not implicate § 1443.

Third, the Magistrate Judge found that, to the extent Hunter El seeks damages in the federal complaint, she fails to state a claim upon which relief can be granted. The Magistrate Judge noted

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983).

[2] Title 28, United States Code, Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

that the Sumter County Magistrate Court is not a "person" amenable to suit under § 1983, and Elijah Hunter is not a "state actor" for purposes of § 1983. Accordingly, the Magistrate Judge recommended that the federal complaint be summarily dismissed without prejudice and without issuance and service of process, and that the removed action be remanded to the Sumter County Court of Common Pleas.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

On October 14, 2021, Hunter El filed a motion for preliminary injunction in the removal action. Hunter El informs the court that the Sumter County Court of Common Pleas proceeded to hold an appeal hearing regarding the writ for ejectment on September 13, 2021, despite her providing the Sumter County Clerk of Court with a copy of the filed removal notice before the scheduled hearing. Hunter El's appeal was dismissed on October 4, 2021. A second writ of ejectment was served on Hunter El on October 6, 2021. Hunter El states that she filed a notice of appeal and emergency motion for injunction with the South Carolina Court of Appeals, but that the appeal is

being held in abeyance pending disposition of the within removal action. Hunter El seeks a preliminary injunction against enforcement of the second writ of ejectment.

Also on October 14, 2021, Hunter El filed in each of the captioned cases a pro se motion for leave to file electronically, as well as a motion for extension of time until November 12, 2021 to file objections to the Report and Recommendation. Hunter El requests an enlargement of time because she wishes to review the Sumter County Magistrate Court's return and record on appeal in the state action, as well as the certification of compliance with federal law that was attached to the writ of ejectment. Hunter El also states that she provides support to her elderly parents, both of whom have underlying medical conditions.

Taking her filings in reverse order, Hunter El's motions for an extension of time (ECF No. 15 in C/A No. 3:21-2928; ECF No. 13 in C/A 3:21-2929) are **denied**. The court concludes that it lacks jurisdiction over the complaint and the removal, and that objections to this purely legal issue would not change the court's conclusion. Moreover, the court's immediate disposition of the captioned cases will allow Hunter El to proceed expeditiously in the proper forum, which is the South Carolina Court of Appeals.

Hunter El's motions for leave to file electronically (ECF No. 14 in C/A No. 3:21-2928; ECF No. 12 in C/A No. 3:21-2929) are **denied as moot**. Finally, because the court lacks jurisdiction over the removal action, Hunter El's motion for preliminary injunction (ECF No. 13 in C/A No. 3:21-2929) is **denied as moot**.

The court adopts the Report and Recommendation and incorporates it herein by reference. The federal complaint (ECF No. 3:21-2928) is **summarily dismissed**, without prejudice and without issuance and service of process. The removal action (ECF No. 3:21-2929) is **remanded** to the

4

Sumter County Court of Common Pleas.

    **IT IS SO ORDERED**.

                                /s/  Margaret B. Seymour
                                Senior United States District Judge

Columbia, South Carolina

October 17, 2021